IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DROPLETS, INC. | § | |
|        Plaintiff | § | |
| | § | |
| V. | § | No. 2:11CV392 |
| | § | |
| AMAZON.COM, INC., ET AL. | § | |
|        Defendants | § | |

## ORDER

The Court, having reviewed the Joint Report of the parties, issues the following Order.

### I.

### Scheduling Order

The parties have not yet been able to finalize proposed modifications to the deadlines in the Court's Proposed Docket Control Order set forth in Appendix A to the Court's January 11, 2012 Order. Specifically, the parties have been unable to agree on the appropriate final pretrial conference date. Plaintiff proposes March 1, 2013 as the proposed pretrial conference date, and Defendants propose October 7, 2013. According to the parties, once the Court determines and sets a final pretrial conference date, they will meet and confer to determine if either side would like to propose modifications of the deadlines in the Court's proposed scheduling order.

Due to the Court's calendar, the Court orders the parties to utilize an October 7, 2013 pretrial conference date. Further utilizing a claim construction tutorial and hearing date of December 6, 2012, the parties shall meet and confer and submit to the Court, within fourteen days from the date of entry of this Order, a proposed scheduling order. The parties are further instructed to include in their proposal a deadline for mediation, which should occur on or before one month before the October 7, 2012 pretrial conference.

II.

**Discovery and Case Management Plan**

**A.    Discovery Limitations**

As agreed upon by the parties, the following discovery limitations shall apply. Plaintiff may serve up to ten (10) Interrogatories stated identically to all Defendants and fifteen (15) interrogatories stated individually to each individual Defendant. Defendants may collectively serve up to ten (10) common interrogatories stated identically on Plaintiff and may each individually serve up to fifteen (15) additional interrogatories on Plaintiff.

The following limitations regarding requests for admission shall apply. Except for authentication, admissibility, and/or whether a document qualifies as a printed publication under 35 U.S.C. § 102, Plaintiff may serve up to thirty (30) common requests for admission on Defendants in this action, which each Defendant shall answer individually, and Plaintiff may serve an additional ten (10) individual requests for admission on each Defendant in this action. Similarly, except for authentication, admissibility, and/or whether a document qualifies as a printed publication under 35 U.S.C. § 102, Defendants in this action, jointly, may serve up to thirty (30) common requests for admission on Plaintiff, and each Defendant in this action may serve an additional ten (10) individual requests for admission on Plaintiff. In addition, the parties may serve an unlimited number of requests for admission to establish the authenticity of documents, admissibility of documents, and/or requests for admission as to whether a documents qualifies as a printed publication under 35 U.S.C. § 102. Requests for admission directed to document authentication, admissibility, and/or whether a document qualifies as a printed publication under 35 U.S.C. § 102 shall be clearly denoted as such,

and shall be served separately from any requests for admission subject to the numerical limitations stated above.

The parties agree to the following limits on specific deposition issues:

- The total number of non-expert deposition hours taken by each side, including Rule 30(b)(6) depositions, third-party depositions, inventor depositions, and other individual depositions, shall not exceed 250 hours.

- As applied to Plaintiff, no more than 60 total deposition hours, or up to ten (10) separate depositions, whichever occurs first, can be taken of a single Defendant in this action, including 30(b)(6) and 30(b)(1) depositions.

- As applied to Defendants, no more than 60 total deposition hours, or up to ten (10) separate depositions, whichever occurs first, can be taken of Plaintiff in this action, including 30(b)(6) and 30(b)(1) depositions. While the parties disagree whether the depositions of named inventors not employed by Plaintiff may be included in this limit, in order to reach a compromise on this issue for this case only and for administrative purposes only, the parties will deem the depositions of the following four named inventors to be included in this 60 hour/10 deposition limit of depositions of Plaintiff in this action: Frank Rose (Droplets' employee); Lou Franco (Droplets' Advisory Board Member); Greg Blonder (Droplets' Advisory Board Member); and Phillip Brittan (former member of the Droplets' Board of Directors and current Droplets' shareholder). The parties have further agreed that the following three named inventors will not be deemed to be included in this 60 hour/10 deposition limit of depositions of Plaintiff in this action: Mark Cunningham; Alex Bulkin; and Matt Baskin.

- Pursuant to Rule 30(a)(1), Defendants in this action collectively may depose each of the named inventors on the patents-in-suit, and each attorney of record for the prosecution thereof, for up to fourteen (14) hours each in their individual capacities. Except as set forth above, the duration of any non-expert deposition shall be governed by Rule 30(d)(1), which may be increased by no more than one (1) hour upon agreement of the parties.

- Any party may elicit Rule 30(b)(1) testimony from a witness designated as a Rule 30(b)(6) witness during any deposition taken pursuant to Rule 30(b)(6), provided the questioning attorney clearly indicates on the record that the relevant questions are being directed to the witness in his or her individual capacity. Similarly, in order to ensure a clear record, and notwithstanding limitations on deposition objections contained in Local Rule CV-30, counsel representing a witness designated as a Rule 30(b)(6) witness may object to questions eliciting Rule 30(b)(1) testimony as "Objection, outside the scope of the Rule 30(b)(6) topics for which the witness was designated" or a similar objection.

Regarding depositions of custodians of business records, the parties have agreed that for authentication purposes only, depositions on written questions of third-party document custodians are permitted but are not included in the 250-hour limit on deposition hours per side set forth for depositions of parties and third parties above.

The parties also agree that production of information or documents will not require individual employees' PDAs, smartphones, Blackberry® devices, voicemails, instant messages, diaries, or calendars to be searched or produced absent further order or agreement for good cause shown, and only after the scope of production with respect to such media or devices has been agreed to by the parties or decided by court order.

The parties also agree to meet and confer in good faith about reasonable adjustments to any of the agreed discovery limits as discovery progresses. Any party may move to modify these limitations for good cause and upon showing a distinct need based on the size, complexity, and issues of this specific case.

**B.     Disputed areas**

The Court's review of the parties' joint report reveals the following four disputed areas:

- The parties have not been able to agree on the specific limits to apply to expert witness depositions in this case.

- Defendants seek to have the Court adopt the following language, to which Plaintiff does not agree: "Any party may seek reimbursement of reasonable costs caused by any additional discovery beyond the agreed limits set forth herein."

- Defendants take issue with the number of claims being asserted by Plaintiff in this case. While Plaintiff asserts it will work throughout the case to reduce the number of asserted claims to 15 or fewer at least 30 days before the pretrial conference, Defendants believe that given the already aggressive schedule and number of parties, Plaintiff should be required to limit the number of asserted claims to no more than ten after the P.R. 4-1(a) Disclosures occur but before the P.R. 4-1(b) Disclosures occur.

- The parties have not been able to agree on the specific form of production of electronically stored information ("ESI").

The Court finds a hearing would be helpful in deciding the disputed issues. Therefore, a hearing on the four disputed areas listed above is scheduled before the undersigned at 10:00 a.m on March 29, 2012 at the United States District Court, 500 N. Stateline, Fourth Floor Courtroom, Texarkana Texas. Should the parties reach an agreement on these issues, which the Court strongly encourages, they should notify the Court promptly.

**C.     Duty to Supplement**

After disclosure is made pursuant to the Court's Docket Control Order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**D.     Privileged Information**

There is no duty to disclose privileged documents or information. Once the parties have exchanged privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If the parties have no disputes concerning the privileged documents or information, then the parties shall inform the Court of that fact.

The parties further agree as follows:

(a) Privileged materials created after the date of filing of this lawsuit need not be identified on a privilege log, unless a Defendant intends to rely on opinion of counsel as a defense to willfulness; any documents or information not produced to the other side on the basis of privilege or discovery exemption will not be used as an exhibit at trial;

5

(b) Nothing in the parties' Joint Report shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials. The recipient(s) shall gather and return all copies of the privileged or immune material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court, during which the contested privileged materials may be submitted to the Court under seal/in camera for the Court by the party claiming privilege to determine whether any privilege applies. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business; and

(c) A testifying expert's draft reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-

work product for the purposes of this litigation.

## III.

## Protective Order

The parties agree a protective order is necessary and appropriate. The parties state they will work together in good faith to submit a proposed order to the Court by March 30, 2012. If the parties cannot agree on a proposal, they shall submit competing motions detailing specific areas of both agreement and disagreement as well as a proposed order.

## IV.

## Claim Construction

**A.     Technical Advisor**

The parties are open to the appointment of a technical advisor if the Court so desires. If the Court determines at a later date that a technical advisor will be helpful to the Court, the Court will allow the parties the opportunity to submit to the Court a list of potential technical advisors.

**B.     Claim Construction Hearing**

A claim construction technology tutorial is currently scheduled before the undersigned at 9:00 a.m. on December 6, 2012 at the United States District Court, 500 N. Stateline, Fourth Floor Courtroom, Texarkana Texas. The claim construction hearing is scheduled December 6, 2012 immediately following the technology tutorial.

## V.

## Other General Rules

**A.     No Excuses**

A party is not excused from the requirements of this Order or the Court's Scheduling Order

because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent Court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand, or to change venue.

### B.      Local Rule CV-7(d)

The parties are directed to Local Rule CV-7(d) which provides, in part, that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has fourteen days in which to serve and file supporting documents and briefs, **after which the Court will consider the submitted motion for decision**. *See also* Local Rule CV-6 (three days added to the prescribed period).

### C.      Meet and Confer Requirement

The Court will refuse to entertain any discovery motion filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first met and conferred **in person, with local counsel present**, in a good faith effort to resolve the matter. This provision applies only to discovery matters and requires only that counsel from those parties that are in disagreement to meet in person. Lastly, this meet and confer provision only requires the presence of such counsel having authority to resolve the matter in dispute. The following excuse will not warrant a continuance nor justify a failure to comply with the discovery deadline: The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this Order or was made as a special provision for the parties in the other case.

**D.     Page Limits**

The parties shall make a good faith effort to adhere to page limits governed by the Local Rules and shall not exceed such page limits without first receiving leave of court upon a showing of good cause.  Any effort to avoid these page limits, *e.g.*, submitting each issue raised on summary judgment in a separate motion, shall be closely scrutinized.

**IT IS SO ORDERED.**

**SIGNED this 7th day of March, 2012.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE